UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LUIS SALINAS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:07-CV-01952 |
| | § | |
| AT&T CORPORATION, | § | |
| | § | |
| Defendants. | § | |

### MEMORANDUM AND ORDER

Before the Court is Defendant AT&T's Motion for Summary Judgment (Doc. No. 13). Plaintiff has responded, in part, by requesting that the Court deny the motion as premature. (Pl.'s Resp., Doc. No. 13.) Having considered the motions, responses and replies thereto, and all relevant law, the Court finds that the Defendant's Motion for Summary Judgment is premature and should be denied without prejudice to re-urging at a later date.

Whether to continue a motion for summary judgment is within the Court's discretion. *See* Fed. R. Civ. P. 56(f); *see also International Shortstop, Inc. v. Ralley's Inc.*, 939 F.2d 1257, 1267 (5th Cir. 1991). "To obtain a continuance of a motion for summary judgment in order to obtain further discovery, a party must indicate to the court by some statement, preferably in writing (but not necessarily in the form of an affidavit), why he needs additional discovery and how the additional discovery will create a genuine issue of material fact." *Stults v. Conoco, Inc.*, 76 F.3d 651, 657-58 (5th Cir. 1996) (citing *Krim v. BancTexas Group, Inc.*, 989 F.2d 1435, 1442 (5th Cir. 1993)) (emphasis omitted). As explained in Plaintiff's Response (Doc. No. 13), Plaintiff has not yet deposed representatives of Defendant, including those involved in making

the decision to terminate Plaintiff. Those depositions are highly likely to produce evidence that is directly relevant to the veracity of Defendant's stated nondiscriminatory reason for its actions.

The Court is mindful that Plaintiff bears the responsibility of diligently pursuing discovery, *Wichita Falls Office Assoc. v. Banc One Corp.*, 978 F.2d 915, 919 (5th Cir. 1992), but the Court also emphasizes that, "when a party is seeking discovery that is germane to the pending summary judgment motion[,] it is inequitable to pull out the rug from under them by denying such discovery," *id.* at 920. Given that the discovery sought by Plaintiff is central to the arguments made in Defendant's Motion for Summary Judgment, and that nearly five months remain until the agreed deadline to complete discovery, the Court, in its discretion, is reluctant to cut off Plaintiff's opportunity to develop his case at this point.

For these reasons, Defendant's Motion for Summary Judgment (Doc. No. 13) is **DENIED WITHOUT PREJUDICE** to re-urging at a later date. Nothing in this Order should be interpreted as a comment on the merits of Plaintiff's case.

**IT IS SO ORDERED**.

SIGNED at Houston, Texas, on this the 5the day of March, 2008.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE

TO ENSURE PROPER NOTICE, EACH PARTY WHO RECEIVES THIS ORDER SHALL
FORWARD A COPY OF IT TO EVERY OTHER PARTY AND AFFECTED NON-PARTY EVEN
THOUGH THEY MAY HAVE BEEN SENT ONE BY THE COURT.